### 9712

### STATE v. BANNISTER.

(92 S. E. 1047.)

Liens—Disposition of Property Under Lien—Criminal Liability—Right to Set-Off.—In prosecution for disposing of property under lien, where defendant introduced evidence of his claim that prosecuting witness owed him enough to set off the debt, it was error to fail to submit such question of set-off to the jury, since one to whom money is owing has a right to set off against his debt to the other covered by the lien the amount which the other owes him.

Before BOWMAN, J., Abbeville, September, 1916. Reversed.

J. C. Bannister was convicted of disposition of property under lien, and he appeals.

*Mr. J. Howard Moore* and *Mr. J. Moore Mars,* for appellant, cite: *As to drawing jury:* Civil Code, sec. 4030; 77 S. C. 248. *Charge on facts:* 47 S. C. 488; 48 S. C. 136. *Charge in interrogative form:* 49 S. C. 488; 48 S. C. 136.

*Mr. W. P. Greene* and *Mr. Solicitor Blackwell,* for respondent.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted for disposing of property under lien and tried before Judge Bowman, and a jury, at the Spring term of Court, 1917, for Abbeville county. After conviction and sentence defendant appeals and by three exceptions assigns error on the part of his Honor, Judge Bowman.

Exceptions 2 and 3 complain of error in the Judge's charge to the jury. The Judge was in error in that under his charge the jury were instructed that, if Beaty, the prosecutor, had a lien on the property, and Bannister, the defendant, disposed of the property, then Bannister was guilty. There was testimony in the case that Bannister claimed that Beaty owed him enough to offset the debt, and that he did not owe Beaty anything. His Honor did not allow the defendant the benefit of this evidence. He was entitled to have the jury pass on this. Even if the defendant had disposed of the property covered by the lien and failed to pay

the debt or deposit the money with the clerk as required by the statute, if he could show that Beaty owed him as much as he owed Beaty, then he would have the right to set off one debt with the other, and this evidence should have gone to the jury for what it was worth.

Under his Honor's charge defendant was deprived of the benefit of this testimony and prejudiced thereby.

Judgment reversed, and a new trial granted.